IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WALTER EDWARD TATE, SR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0286 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS

On December 2, 2011, petitioner WALTER EDWARD TATE, SR., who appears to reside in the State of Oklahoma, filed a copy of a state habeas application with the United States District Court for the Northern District of Texas, Dallas Division. That Court construed petitioner's pleading as a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. On December 6, 2011, the Dallas Division court transferred the proceeding to this court. By his pleading, petitioner appears to challenge a 2009 conviction, pursuant to a guilty plea, for the offense of money laundering out of Wheeler County, Texas, and the resultant 5-year sentence. Petitioner appears to argue such conviction is unconstitutional because it was based on evidence obtained as a result of an illegal search and seizure, or was based on insufficient evidence. Petitioner also appears to argue his guilty plea was involuntary because counsel misadvised petitioner concerning whether his Texas sentence would run concurrently

with an Oklahoma sentence petitioner was to serve.

On December 13, 2011, this Court ordered petitioner to pay the filing fee for this proceeding or submit a request to proceed *in forma pauperis*. Such fee or request was due to be filed with the court on or before January 2, 2012. Petitioner was warned that failure to follow the order of the court would result in an immediate recommendation that his case be dismissed. As of this date, petitioner has not submitted either the $5.00 filing fee or a request to proceed without payment of the filing fee.

On December 13, 2011, petitioner was provided a copy of the form petition to be used in federal habeas corpus proceedings in this court and was ordered to complete such form and file the form with this court by January 2, 2012. Petitioner did not timely file the form petition provided to him.

On January 24, 2012, this Court received correspondence from petitioner stating he is "not able to read and understand the paperwork to file the petition for a writ of Habeas Corpus." Petitioner advised he had asked various individuals for legal assistance but that such individuals were not able to assist him. Petitioner requested advice from the court "as to how to get assistance to complete the paperwork that is necessary" in this proceeding. Petitioner did not provide any explanation as to why he was able to complete the initial pleading filed with the federal courts but is unable to complete the form petition utilized by the federal courts in Texas. Nor did petitioner explain why he did not submit the required $5.00 filing fee or a request to proceed *in forma pauperis*.

On January 25, 2012, this Court set a hearing on petitioner's application for February 2, 2012. Petitioner was warned that any failure to appear for such hearing might result in the

dismissal of his petition for a writ of habeas corpus.

On February 2, 2012, at 9:30 a.m., the undersigned called this case for hearing. Petitioner failed to appear for the heraing.

Later that same day, this Court received correspondence from petitioner wherein he stated he "cannot read or write very well," advised he had "been trying to get this case resolved," and informed the Court he could not make an appearance because he is disabled and on a fixed income. Petitioner noted he "would like for this case to be thrown out," but then advised the $5.00 filing fee was "on its way," and requested the Court "look at all of [his] paperwork" to see that petitioner is innocent.

As of this date, petitioner has not submitted the filing fee in this case, nor has he submitted a request to proceed without prepayment of fees. Further, petitioner has not submitted a completed the form habeas application provided by the Court. Moreover, petitioner failed to appear at the hearing scheduled in this case and failed to give timely notice that he would not be able to attend. Lastly, petitioner has requested this case be "thrown out," even though he also requested the Court review the merits of his application.

Petitioner is in direct disregard of Orders of the Court. Moreover, petitioner has not communicated with the Court, in any manner, with regard to this case since his correspondence received February 2, 2012. It is the opinion of the undersigned that petitioner has neglected his case to such an extent that it warrants dismissal.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner WALTER

EDWARD TATE, SR. be DISMISSED for want of prosecution.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of October 2012.

*signature*

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).